5:23-CV-674 SDM PRL

APPLICATION UNDER 28 U.S.C. § 2241 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE OR FEDERAL CUSTODY
(Do not use as a § 2254 or as a § 2255)

UNITED STATES DISTRICT COURT

Middle District of Florida

Case No. _____
(Clerk will supply)

Name and Prison Number: Gabriel Rivera-Rodriguez, #30295-069

Place of Confinement: FCC Coleman Medium

Name of Applicant: Gabriel Rivera-Rodriguez
(include name under which convicted)

Name of Respondent: Jennifer A. Broton, Warden of FCC Coleman Medium
(Name of Warden)

## APPLICATION

1. Name and location of court which imposed the sentence you challenge: U.S. District Court for the District of Puerto Rico (San Juan)

2. Date of judgment of conviction: 4/20/2008

3. Length of sentence imposed: 43 years

4. Nature of offense(s) of conviction (all counts): Conspiracy to possess with intent to distribute a controlled substance. 21 U.S.C. §§ 841(a) and 846.

5. What was your plea as to each count? (Check one)

    G    Not Guilty

    (G)   Guilty

    G    Nolo contendere

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
N/A

N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one) G Jury  G Judge only

7. Did you testify at the trial? G Yes  (G No)

8. Did you appeal from the judgment of conviction? (G Yes)  G No

9. If you did appeal, answer the following:

   (a) Name of Court: N/A

   (b) Result: N/A

   (c) Date of result and citation, if known: N/A

   (d) Grounds raised: N/A

   (e) If you sought further review of the decision on appeal by a higher court, answer the following:

   (1) Name of Court: N/A

   (2) Result: N/A

   (3) Date of result and citation, if known: N/A

   (4) Grounds raised: N/A

   (f) If you filed a petition for certiorari or appeal in the Supreme Court of the United States as part of that direct appeal, answer the following:

   (1) Name of Court: Supreme Court of the United States

   (2) Result: N/A

   (3) Date of result and citation, if known: N/A

   (4) Grounds raised: N/A

   N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal (a post-conviction proceeding)?   G Yes   **(G No)**

11. If your answer to 10 was "Yes," answer the following:

    (a) First post-conviction proceeding:

        (1) Name of Court: N/A

        (2) Nature of proceeding: N/A

        (3) Grounds raised: N/A

            N/A

        (4) Did you receive an evidentiary hearing?   G Yes   **(G No)**

        (5) Result: N/A

        (6) Date of result: N/A

    (b) Second post-conviction proceeding:

        (1) Name of Court: N/A

        (2) Nature of proceeding: N/A

        (3) Grounds raised: N/A

            N/A

        (4) Did you receive an evidentiary hearing?   G Yes   **(G No)**

        (5) Result: N/A

        (6) Date of result: N/A

    (c) Did you appeal to the highest court having jurisdiction the result of the post-conviction proceeding(s)?

        (1) First proceeding:    G Yes   **(G No)**

        (2) Second proceeding:   G Yes   **(G No)**

(d) If you did *not* appeal from the adverse result of the post-conviction proceeding(s), explain briefly why you did not:

N/A

N/A

12. If you have *not* been convicted, answer the following:

(a) Type of decision or action you challenge: N/A

N/A

(b) Who made the decision? N/A

(c) Date of decision: N/A

(d) Was there a hearing of any kind?   G Yes   (G No)

Hearing conducted by: N/A

Location and date: N/A

Result: N/A

## Exhaustion of Administrative Remedies

13. If your claim concerns a FEDERAL PAROLE matter, answer the following:

(a) Did you appeal the decision to the National Appeals Board of the U.S. Parole Commission?   G Yes   (G No)

(b) Appeal filing date: N/A

(c) Grounds raised: N/A

N/A

(d) Result: N/A

(e) Date of result: N/A

14. If your claim concerns computation of your FEDERAL sentence, or a claim other than FEDERAL parole, answer the following:

    (a) Did you attempt to resolve your complaint informally?  (G Yes)  G No

    (b) Did you appeal to the Warden?  G Yes  (G No)

    (c) Did you appeal to the Regional Director?  G Yes  (G No)

    (d) Did you appeal to the General Counsel?  G Yes  (G No)

If you did not use the Administrative Remedy Procedure, explain why you did not do so:

```
("Where, as here, 'the challenge is to regulations [and precedent that are]
promulgated and consistently enforced by the agency, and which the agency has either
no power, or no inclination, to correct,' exhaustion is futile and thus does not
serve the policies of judicial efficiency or allowing the agency to correct its own
errors." (alteration in original) (quoting Abbey v. Sullivan, 978 F.2d 37, 45 (2d
Cir. 1992))).
```

15. If you are a STATE prisoner, answer the following: N/A

Did you exhaust all administrative remedies available to you?  G Yes  (G No)

If you did not exhaust your administrative remedies, explain why you did not do so:

N/A

N/A

16. Have you filed any previous lawsuits related to your present claims(s)?  G Yes  (G No)

    (a) Name and location of Court: N/A

    (b) Case number and style: N/A

    (c) Nature of lawsuit: N/A

    (d) Grounds raised: N/A

    (e) Result and date: N/A

## Grounds for Relief

17. State *concisely* every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

    **CAUTION: If you fail to set forth all grounds in this application, you may be barred from presenting additional grounds at a later date.**

    For your information, the following is a list of the most frequently raised grounds for relief in applications for writs of habeas corpus pursuant to 28 U.S.C. § 2241. You may raise any grounds which you may have other than those listed. However, you should raise in this application all available grounds (relating to this conviction or sentence) on which you base your allegations that you are being held in custody unlawfully.

    **Do not** check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check one or more of these listed grounds.

    (i)   U. S. Parole Commission unlawfully revoked my parole.
    (ii)  Federal Bureau of Prisons unlawfully computed my sentence.
    (iii) Federal Bureau of Prisons unlawfully denied me credit for time served in state or federal prison.
    (iv)  Federal Bureau of Prisons or State prison system unlawfully revoked my good-time credits.
    (v)   There is an unlawful detainer lodged against me.
    (vi)  I am a citizen and domiciliary of a foreign country and I am in custody for an act which I had a right to commit under the laws of my country.
    (vii) The act for which I was convicted is no longer considered to be a crime, and I cannot raise this issue in a § 2254 petition or a § 2255 motion.

    (a) Ground One: Supporting FACTS (state *briefly* without citing cases or law): _____

    See attached for "Ground One" and "Ground One Supporting Facts."

    _____

    (b) Ground Two: Supporting FACTS (state *briefly* without citing cases or law): N/A

    N/A

    N/A

GROUND ONE AND GROUND ONE SUPPORTING FACTS
ATTACHMENT PAGE FOR INMATE GABRIEL RIVERA-RODRIGUEZ'S 28 U.S.C. § 2241

GROUND ONE: Whether Title 18 U.S.C. § 3585(b) and BOP Program Statement 5060.05 (which allows BOP officials to disregard any order issued by Court through Article III) violates the separation of powers doctrine established by the U.S. Constitution?

GROUND ONE SUPPORTING FACTS: On June 2023, Petitioner herein requests his jail time credits served in State custody, from BOP officials at FCC Coleman Medium, through a Nunc Pro Tunc computation of time. Petitioner's request is based on an order issued by an Honorable Judge when the Petitioner was sentenced on his federal case, in which the Judge requires that the sentence will be ran concurrently with any sentence imposed by the State.

On _____, 2023, Officer _____ at FCC Coleman Medium denied my request as precluded by Title 18 U.S.C. § 3585(b) and BOP Program Statement 5160.05.

On this Petition, Petitioner now claims that if we accept the BOP's reading and application of the statute, then Congress clearly delegated to an entity of the Executive Branch, the authority to perform judicial acts.

It is clear that the imposition of the sentence with the terms agreed on by the parties in the first instance are solely a "judicial act."

Petitioner now claims that Congress, pursuant to any statute, authorizes BOP officials to disregard or alter the actual terms of the sentence imposed by an Article III court, because such proposition will contravene basic tenets of the separation of powers and result to an unconstitutional delegation of judicial power to an entity of the Executive Branch. (See Case Law in support).

 (c) Ground Three: Supporting FACTS (state *briefly* without citing cases or law) N/A

   N/A

   N/A

 (d) Ground Four: Supporting FACTS (state *briefly* without citing cases or law): N/A

   N/A

   N/A

18. If any of the grounds listed in 17(a), (b), (c), and (d) were not previously presented in any other court, either state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: N/A

 N/A

 N/A

19. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment/decision under attack? ☐ Yes (☒ No)

20. Give the name and address, if known, of each attorney who represented you in the following stages of judgment/decision attacked herein:

 (a) Preliminary hearing: N/A

 (b) Arraignment and plea: N/A

 (c) Trial: N/A

 (d) Sentencing: N/A

 (e) Appeal: N/A

 (f) Post-conviction proceeding: N/A

 (g) Appeal from any adverse ruling in a post-conviction proceeding: N/A

   N/A

21. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time? ☐ Yes (☒ No)

22. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?    ☐ Yes   (☐ No)

   (a) If so, give name and location of court which imposed sentence to be served in the future:

   N/A

   N/A

   (b) Give date and length of the above sentence: N/A

   N/A

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?   ☐ Yes   (☐ No)

**Wherefore**, the applicant prays that the Court grant applicant relief to which he may be entitled in this proceeding. Petitioner very respectfully requests this Honorable Court to order to the BOP Officials to execute the sentence as ordered by the United States District Judge. To give credit to Petitioner from the very moment the federal court ordered that the sentence was concurrent, and if the BOP continues with its position and refuses to execute the sentence as dictated by the federal Judge, to declare the statute unconstitutional as applies to the Petitioner, and/or any other remedy(ies) as law and justice requires.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On: 10-18, 2023
(Date)

*Gabriel Rivera Rodriguez*
Signature of Applicant

Page 8 of 8

COC 133
August 7
Attachr

## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE:** Bureau of Prisons Program Statement 1330.16 requires that except as provided in 542.13(b) an inmate shall first an issue of concern informally to staff and staff shall informally attempt to resolve the issue prior to submitting a BP-9. A separate fo be used for each issue.

*******************************************************************************************

**INSTRUCTIONS:** Counselors will complete and attach this form to each Request for Administrative Remedy Form (BP-9) submitted, if not ir resolved.

Inmate Name: Gabriel Rivera Rodriguez     Register No.: 30295-069     Qtrs./Unit: ____     Inmate Signature: ____

1. Specific complaint (one 8 ½" x 11" continuation page may be attached):

As provided By Title 18 USC 3621 (b) Petitioner request A nunc pro Tunc designation and computation of Time spent By petitioner In offical Detention As ordered By one Article III court.

2. What efforts have been made by the inmate to resolve the complaint informally? To whom has the inmate spoken?

3. What action does the inmate wish to be taken to correct the issue?

Correctional Counselor's Comments (including actual steps taken to resolve):

YOU ARE NOT ELIGIBLE FOR RETROACTIVE DESIGNATION BASED ON BARDEN YOU WERE IN EXCLUSIVE FEDERAL CUSTODY WHEN SENTENCED, AND YOUR FEDERAL SENTENCE BEGAN ON DATE OF IMPOSITION, THE EARLIST POSSIBLE DATE

Correctional Counselor: ____     Date: ____

Staff Circle One:    Informally Resolved    Not Informally Resolved

Unit Manager's Review:

Unit Manager: ____     Date: ____

**Distribution by Correctional Counselor:**

1. If complaint is informally resolved, maintain original on file in the Unit.
2. If complaint is <u>not</u> informally resolved, attach original to BP-9 Form and forward to Administrative Remedy Clerk for processing.

|  | Inf. Resolution Form Issued to Inmate | Inf. Resolution Form Returned to Counselor | BP-9 Issued to Inmate | BP-9 Returned | BP-9 Delivered to Counselor | Admin Remedy Clerk |
|---|---|---|---|---|---|---|
| Date: | 8/26/2023 | 8/26/2023 | | | | |
| Time: | 3:30pm | 3:45pm | | | | |
| Counselor: | Poquette | Poquette | | | | |